IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| NATALIE BRUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BAYSIDE ORTHOPAEDICS, INC., DEPUY ORTHOPAEDICS, INC., DEPUY INTERNATIONAL LIMITED, JOHNSON & JOHNSON, and JOHNSON & JOHNSON SERVICES, INC., | ) CASE NO.: 8:14-cv-02163-CEH-EAJ )  )  )  ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS
PENDING TRANSFER AND DOCKETING OF THIS CASE
TO MDL NO. 2197 - *IN RE: DEPUY ORTHOPAEDICS, INC.,
ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION***

Defendants DePuy Orthopaedics, Inc., DePuy International Limited, Johnson & Johnson, Johnson & Johnson Services, Inc.,[1] and Bayside Orthopaedics, Inc. (collectively, "Defendants"), move this Court to stay all proceedings pending transfer of this action to MDL No. 2197 (N.D. Ohio) by the Judicial Panel on Multidistrict Litigation ("JPML"). The grounds for this motion are set forth in the following memorandum of law.

---

[1] This Court lacks personal jurisdiction over Defendants DePuy International Limited, Johnson & Johnson Services, Inc., and Johnson & Johnson. These defendants are not proper parties to this litigation and appear specially herein with full reservation of all rights and defenses, including their lack-of-personal-jurisdiction defenses. In addition, Defendants DePuy Orthopaedics, Inc., DePuy International Limited, Johnson & Johnson Services, Inc., and Johnson & Johnson have not been served with a copy of the Complaint. These defendants appear specially herein with full reservations of all rights and defenses, including their defenses of failure of service, insufficiency of process, and insufficiency of service of process.

36340882.1

**MEMORANDUM IN SUPPORT OF MOTION**

I. **Introduction**

Defendants file this motion to: 1) stay all proceedings, and 2) vacate all deadlines in this action pending the transfer of this case to, and docketing in, the Northern District of Ohio to become part of MDL-2197: *In re DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation*. MDL-2197 coordinates all federal products liability actions – like this one – involving two hip implant systems that DePuy Orthopaedics, Inc. ("DePuy") voluntarily recalled – the ASR™ XL Acetabular System and the ASR™ Hip Resurfacing System ("ASR™ Hip Systems"). Indeed, twenty-four courts within the Middle District of Florida have already stayed ASR™ Hip Systems actions pending the JPML's transfer decision. *See Stratos v. Bayside Orthopaedics, Inc., et al.*, No. 8:12-cv-02137-SCB-TBM (M.D. Fla. Jan. 9, 2013) (granting stay even when opposed by plaintiff); *Hammers v. Bayside Orthopaedics, Inc., et al.*, No. 8:12-cv-2553-T-35-MAP (M.D. Fla. Dec. 4, 2012) (same); *Speed v. DePuy Orthopaedics, Inc.*, No. 6:11-cv-01682-MSS-GJK, endorsed order (M.D. Fla. Oct. 26, 2011) (same); *see also Focose v. DePuy Orthopaedics, Inc., et al.*, No. 8:14-cv-2047-T-36AEP (M.D. Fla. Aug. 27, 2014) (granting stay); *Smith v. DePuy Orthopaedics, Inc., et al.*, No. 6:14-cv-00940-ACC-TBS (M.D. Fla. June 23, 2014) (same); *Connolly v. DePuy Orthopaedics, Inc., et al.*, No. 8:14-cv-515-T-24TGW (M.D. Fla. Mar. 12, 2014) (same); *Myers v. DePuy Orthopaedics, Inc., et al.*, No. 8:14-cv-518-T-27MAP (M.D. Fla. Mar. 10, 2014) (same); *Doner v. DePuy Orthopaedics, Inc., et al.*, No. 8:14-cv-516-T-33AEP (M.D. Fla. Mar. 7, 2014) (same); *Marshall v. DePuy Orthopaedics, Inc., et al.*, No. 8:14-cv-00517-EAK-TBM, endorsed order (M.D. Fla. Mar. 7, 2014) (same); *Leonard v. Diaz, et al.*,

No. 8:13-cv-01598-SCB-MAP, endorsed order (M.D. Fla. June 20, 2013) (same); *Shields v. Griner, et al.*, No. 8:13-cv-01597-JSM-EAJ, endorsed order (M.D. Fla. June 20, 2013) (same); *Strouse v. Diaz, et al.*, No. 8:13-cv-01289-JSM-EAJ (M.D. Fla. May 17, 2013) (same); *LaRosa v. Diaz, et al.*, No. 8:13-cv-1219-T-35TBM (M.D. Fla. May 15, 2013) (same); *Pierson v. Thatcher, et al.*, No. 2:13-cv-00351-UA-DNF (M.D. Fla. May 9, 2013) (same); *Usher v. DePuy Orthopaedics, Inc., et al.*, No. 6:13-cv-00087-GKS-DAB (M.D. Fla. Jan. 24, 2013) (same); *Bauer v. DePuy Orthopaedics, Inc., et al.*, No. 8:12-cv-01500-EAK-MAP (M.D. Fla. July 11, 2012) (same); *Daicoff v. DePuy Orthopaedics, Inc., et al.*, No. 8:12-cv-1501-T-33TBM (M.D. Fla. July 11, 2012) (same); *Doczekalski v. DePuy Orthopaedics, Inc., et al.*, No. 6:12-cv-1044-ORL-37KRS (M.D. Fla. July 11, 2012) (same); *Maslen v. DePuy Orthopaedics, Inc., et al.*, No. 8:11-cv-02570-VMC-TBM, endorsed order (M.D. Fla. Nov. 22, 2011) (same); *Bell v. DePuy Orthopaedics, Inc.*, No. 8:11-cv-01503-VMC-EAJ, endorsed order (M.D. Fla. July 15, 2011) (same); *Ellison v. DePuy Orthopaedics, Inc.*, No. 8:11-cv-00277-VMC-TGW, endorsed order (M.D. Fla. Mar. 22, 2011) (same); *Jones v. DePuy Orthopaedics, Inc., et al.*, 8:10-cv-02660-VMC-AEP, endorsed order (M.D. Fla. Dec. 27, 2010); *Morgan v. DePuy Orthopaedics, Inc.*, No. 8:10-cv-2521-JSM-TBM, slip op. at 1 (M.D. Fla. Dec. 2, 2010) (same); *Hall-Rao v. DePuy Orthopaedics, Inc.*, No. 2:10-cv-00649-FTM-36DNF, slip op. at 1 (M.D. Fla. Nov. 23, 2010) (same) (attached as composite **Exhibit A**).

To date, 271 federal district courts across the country with ASR™ Hip System cases pending before them, have granted similar motions to stay all proceedings. The requested stay will serve the interests of judicial economy and fairness to the parties, and will avoid

wasting this Court's resources in the interim while this case awaits transfer to MDL-2197.

## II. Background

### A. ESTABLISHMENT OF MDL-2197

On August 24, 2010, DePuy initiated a voluntary recall of the ASR™ Hip Systems. Within days, lawsuits were filed and, on August 31, 2010, plaintiff in the lawsuit entitled *Brigham v. DePuy Orthopaedics, Inc., et al*. (N.D. Cal., Case No. 3:10-cv-03886-EMC), filed a motion for the creation of a multidistrict litigation ("MDL") which DePuy did not oppose. On December 3, 2010, the JPML entered a Transfer Order pursuant to 28 U.S.C. § 1407, assigning MDL No. 2197: *In re: DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation* to the Honorable David A. Katz, United States District Judge for the Northern District of Ohio. *See In re: DePuy Orthopaedics, Inc., ASR Hip Implant Prods. Liab. Litig.*, MDL No. 2197, 2010 WL 4940348 (J.P.M.L. Dec. 3, 2010). More than 8,700 actions have now been transferred to or direct-filed in the MDL court.

As required under Rule 6.2(d) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Defendants intend to immediately notify the Panel of this related "tag-along" action. Defendants expect a conditional transfer order to be issued shortly thereafter.

### B. THIS ACTION

On or about August 18, 2014, Plaintiff commenced this action against Defendants DePuy Orthopaedics, Inc., DePuy International Limited, Johnson & Johnson, and Johnson & Johnson Services, Inc. by filing an Amended Complaint in the Twelfth Judicial Circuit, bearing Case No. 2014 CA 002963 NC, pursuant to this Court's Order

granting her motion for leave to file an amended Complaint. There is no dispute that this action involves the same factual inquiries that will be present in the ASR™ Hip Systems product liability actions generally, thereby warranting coordinated pre-trial proceedings in the same district court. Specifically, it is clear from the face of the Complaint that this case, like the other ASR™ Hip Systems product liability actions, focuses on the allegation that the devices failed and whether DePuy knew about the product's alleged risks, and failed to disclose them to the medical community and consumers. *See* Compl. ¶¶ 72-99 (Doc. No. 2).

### III. Argument

This Court's power to stay is well established. It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). As federal courts repeatedly have concluded, this power includes the power to stay an action pending transfer to an MDL. *See Gavitt v. Merck & Co.*, No. 2:08-cv-755-FtM-UA-DNF, 2008 WL 4642782, at *1-*2 (M.D. Fla. Oct. 20, 2008) (stay entered "in an effort to preserve judicial and client resources and to promote consistency and economy with regard to jurisdictional objections"); *Stevens v. Merck & Co.*, No. 2:08-cv-761-FtM-UA-SPC, 2008 WL 4642663, at *1-*2 (M.D. Fla. Oct. 20, 2008) (same); *see, e.g.*, *Paul v. Aviva Life & Annuity Co.*, No. 09-1038, 2009 U.S. Dist. LEXIS 64420 (N.D. Ill. July 27, 2009); *Doan v. SmithKline Beecham Corp.*, No. 09-0260, 2009 U.S. Dist. LEXIS 49409 (S.D. Ala. June 11, 2009); *Hutchins v. Bayer Corp.*, No. 08-640, 2009 U.S. Dist. LEXIS 4719 (D. Del. Jan. 23, 2009); *Lyman v. Asbestos Defendants*, No. 07-4240, 2007 U.S. Dist. LEXIS 78766, at *8-*9 (N.D. Cal. Oct. 10, 2007) ("[B]ecause a stay will likely preserve judicial resources

by preventing a duplication of proceedings before this Court and the MDL court, and because the plaintiffs have not persuasively identified any hardship resulting from such a stay, the Court grants the motion to stay.").

Where, as here, the MDL Panel has already decided that coordination is appropriate, and has designated a venue for the coordinated proceedings, a stay is particularly appropriate pending conditional transfer to those proceedings. *See New Mexico State Inv. Council v. Alexander*, 317 B.R. 440, 446 (D.N.M. 2004); *Mathern v. Wyeth*, No. Civ.A. 04-2116, 2004 WL 1922028, at *1 (E.D. La. Aug. 25, 2004); *Knearem v. Bayer Corp.*, Civil Action 02-2096-CM, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002); *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001). Indeed, to date, **271 stays** have been granted by federal courts with ASR™ Hip System cases pending before them.[2] Federal courts throughout the country in other similar product liability actions have also determined that a stay of proceedings pending the JPML's decision as to transfer is appropriate.

    **A.**    <u>**A Stay Will Advance the Purposes of the MDL**</u>.

The Panel's order states: "Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings on discovery and other issues, and conserve the resources of the parties, their counsel and the judiciary." Staying this action pending transfer to the MDL will advance the purpose of the MDL, which "is to further judicial economy and to eliminate the potential for conflicting pretrial rulings." *Good v.*

---

[2] Additionally, only seventeen courts have denied Motions to Stay, six dismissed the stay motions as moot, 174 cases were transferred to the MDL before the Court could rule on the stay, three granted the stay motions in part, and no motions are currently pending.

*Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); *see also* 28 U.S.C. § 1407; *In re Meridia Prods. Liab. Litig.*, 217 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002).

A short stay will ensure that this action proceeds in an orderly, coordinated fashion under the direction of Judge Katz. A stay will facilitate his efficient, uniform resolution of pretrial issues common to all of these federal ASR™ Hip System actions. In particular, the issue of law at the heart of DePuy's removal – whether the state-law claims against the non-diverse Defendants are preempted – is an issue of *federal* law, which requires the kind of uniform interpretation, from state-to-state, which Judge Katz is uniquely qualified to provide as the judge overseeing this national MDL. In fact, this same implied preemption issue is already pending before Judge Katz in thirty other cases recently transferred to MDL 2197 where distributors and sales representatives were fraudulently joined to defeat federal subject matter jurisdiction.[3] Seventy-six other cases in which the issue was raised in the transferor

---

[3] *See Roberts v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-20671 (originating from E.D. Ark.); *Bozarth v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-21572 (originating from E.D. Ark.); *McConnell v. Mark DeBiase, Inc., et al.*, No. 1:11-dp-22200 (originating from S.D. Fla.); *Benfield v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23771 (originating from D. Md.); *Billings, et al. v. Chesapeake Surgical, LTD, et al.*, No. 1:12-dp-22270 (originating from D. Md.); *Anderson, et al. v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-20922 (originating from D. Minn.); *Walker v. DePuy Orthopaedics, Inc.*, No. 1:12-dp-20913 (originating from S.D. Miss.); *Malletta v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23773 (originating from D. Mont.); *Benson v. DePuy Orthopaedics, Inc.*, No. 1:13-dp-20863 (originating from D. Nev.); *Caron v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23788 (originating from D. Nev.); *Davidson v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23783 (originating from D. Nev.); *Fein v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23782 (originating from D. Nev.); *Greengrass v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23789 (originating from D. Nev.); *Hill v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23785 (originating from D. Nev.); *Lanzillotta v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23786 (originating from D. Nev.); *Lee v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23777 (originating from D. Nev.); *Mills v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23776 (originating from D. Nev.); *Pate v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23787 (originating from D. Nev.); *Santa Cruz v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23781 (originating from D. Nev.); *Shehan v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23780 (originating from D. Nev.); *Tobler v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23778 (originating from D. Nev.); *von Reichow v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23775 (originating from D. Nev.); *Wiedeman v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23779 (originating from D. Nev.); *Debra Sheheen v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-21175 (originating from D.S.C.); *Banks v. DePuy Orthopaedics, Inc., et al.*, No. 1:11-dp-21487 (originating from N.D. Tex.); *Walsh v. DePuy, Inc., et al.*, No. 1:12-dp-20672

court have already been transferred to MDL 2197.[4]

---

(originating from N.D. Tex.); *Johnson v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-20360 (originating from E.D. Va.); *Beckelhimer v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-20275 (originating from E.D. Va.); *Dickerson v. DePuy Orthopaedics, Inc. et al.*, No. 1:12-dp-20921 (originating from E.D. Va.); and *McClease v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-20817 (originating from E.D. Va.).

[4]   *See Wilson v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23870 (originating from N.D. Ala.); *Bauer v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-22093 (originating from M.D. Fla.); *Doczekalski v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-22091 (originating from M.D. Fla.); *Hammers v. Bayside Orthopaedics, Inc., et al.*, No. 1:13-dp-20197 (originating from M.D. Fla.); *LaRosa v. Diaz, et al.*, No. 1:13-dp-20604 (originating from M.D. Fla.); *Pierson v. Thatcher, et al.*, No. 1:13-dp-20607 (originating from M.D. Fla.); *Shields v. Griner, et al.*, No. 1:13-dp-20741 (originating from M.D. Fla.); *Stratos v. Bayside Orthopaedics, Inc., et al.*, No. 1:13-dp-20199 (originating from M.D. Fla.); *Strouse v. Diaz, et al.*, No. 1:13-dp-20624 (originating from M.D. Fla.); *Usher v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-20225 (originating from M.D. Fla.); *Carder v. DC Medical, LLC, et al.*, No. 1:13-dp-20713 (originating from N.D. Ga.); *Shriner v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23865 (originating from N.D. Ga.); *Jacobs v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-20198 (originating from N.D. Ill.); *Crane v. Mark Starring, et al.*, No. 1:13-dp-20334 (originating from E.D. La.); *Pailet v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-20862 (originating from E.D. La.); *Willems v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-20607 (originating from E.D. La.); *Chapman v. Johnson & Johnson, et al.*, No. 1:13-dp-20367 (originating from D. Md.); *Costantini v. Johnson & Johnson, et al.*, No. 1:13-dp-20061 (originating from D. Md.); *Davidson v. Johnson & Johnson, et al.*, No. 1:13-dp-20381 (originating from D. Md.); *Holley v. Johnson & Johnson, et al.*, No. 1:13-dp-20474 (originating from D. Md.); *Israel v. Johnson & Johnson, Inc., et al.*, No. 1:13-dp-20143 (originating from D. Md.); *Johnson v. Johnson & Johnson, et al.*, No. 1:13-dp-20382 (originating from D. Md.); *MacGregor v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23772 (originating from D. Md.); *Miller v. Johnson & Johnson, Inc., et al.*, No. 1:13-dp-21225 (originating from D. Md.); *Wood v. Johnson & Johnson, et al.*, No. 1:12-dp-23769 (originating from D. Md.); *Wynn v. Johnson & Johnson, et al.*, No. 1:12-dp-23770 (originating from D. Md.); *Antonelli v. DJD Medical, Inc., et al.*, No. 1:13-dp-21544 (originating from D. Mass.); *Bailey v. DJD Medical, Inc., et al.*, No. 1:13-dp-21545 (originating from D. Mass.); *Bennett v. DJD Medical, Inc., et al.*, No. 1:13-dp-21555 (originating from D. Mass.); *Casale v. DJD Medical, Inc., et al.*, No. 1:14-dp-20067 (originating from D. Mass.); *Cowan v. DJD Medical, Inc., et al.*, No. 1:13-dp-21546 (originating from D. Mass.); *DeAmelio v. Johnson & Johnson, et al.*, No. 1:14-dp-20069 (originating from D. Mass.); *Dukas v. DJD Medical, Inc., et al.*, No. 1:13-dp-21547 (originating from D. Mass.); *Filkins v. DJD Medical, Inc., et al.*, No. 1:13-dp-21548 (originating from D. Mass.); *Goodwin v. DJD Medical, Inc., et al.*, No. 1:13-dp-21231 (originating from D. Mass.); *Hamilton v. DJD Medical, Inc., et al.*, No. 1:13-dp-21549 (originating from D. Mass.); *Havlick v. DJD Medical, Inc., et al.*, No. 1:13-dp-21550 (originating from D. Mass.); *Long v. DJD Medical, Inc., et al.*, No. 1:14-dp-20068 (originating from D. Mass.); *Mendoza v. DJD Medical, Inc., et al.*, No. 1:13-dp-21551 (originating from D. Mass.); *Parker v. DJD Medical, Inc., et al.*, No. 1:13-dp-21556 (originating from D. Mass.); *Sahagian v. DJD Medical, Inc., et al.*, No. 1:13-dp-21552 (originating from D. Mass.); *Warren v. DJD Medical, Inc., et al.*, No. 1:13-dp-21553 (originating from D. Mass.); *Wynne v. DJD Medical, Inc., et al.*, No. 1:13-dp-21554 (originating from D. Mass.); *Youngdahl v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-21559 (originating from D. Minn.); *Robinson v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-21532 (originating from S.D. Miss.); *Goheen v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-20605 (originating from D. Mont.); *Gustafson v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-21160 (originating from D. Mont.); *Turner v. DePuy Orthopaedics, Inc., et al.*, No. 1:14-dp-20271 (originating from D. Mont.); *Gentile v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-21143 (origination from D. Nev.); *Glaser v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23774 (originating from D. Nev.); *Monteiro v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-24075 (originating from D. Nev.); *Musall v. Precision Instruments, Inc., et al.*, No. 1:12-dp-20993 (originating from D. Nev.); *Manus v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-21212 (originating from D.N.M.); *Martinez v. Johnson & Johnson, et al.*, No. 1:14-dp-20390 (originating from D.N.M.); *Maxwell v. DePuy Orthopaedics, Inc., et al.*,

This fact alone raises the real threat for inconsistent pre-trial rulings that could arise if different judges deny defendants' requests for stay and independently rule on the preemption issue in their respective cases. The goal of uniform and consistent resolution of legal issues is best met by staying these proceedings and having one federal judge – here, Judge Katz – decide the implied preemption issue in all ASR™ cases. That is how one federal judge recently chose to proceed in an ASR™ case similar to this one when faced with the implied preemption issue. *See Billings v. Chesapeake Surgical, LTD*, No. 8:12-cv-00879-PJM (D. Md. May 15, 2012) (granting Defendants' Motion to Stay) (attached as **Exhibit B**). Given the considerable number of cases raising the preemption issue, it is unsurprising that courts have stayed a total of twenty-five DePuy ASR™ cases raising implied preemption to allow the MDL court to rule uniformly on the issue.5

---

No. 1:13-dp-21213 (originating from D.N.M.); *Cornelius v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-24128 (originating from W.D.N.Y.); *Jopek v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-21224 (originating from W.D.N.Y.); *Scott v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-21223 (originating from W.D.N.Y.); *Santiago v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-21452 (originating from N.D.N.Y.); *Sommerstein v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-21236 (originating from W.D.N.Y.); *King v. Rule, et al.*, No. 1:13-dp-20142 (originating from D. Ore.); *Sixberry v. Jacob Rule, et al.*, No. 1:12-dp-24076 (originating from D. Ore.); *Felkel v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-23784 (originating from D.S.C.); *Johnson v. DePuy Orthopaedics, Inc.*, No. 1:12-dp-24077 (originating from D.S.C.); *Murphy-Pittman v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-20200 (originating in D.S.C.); *Dunn v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-20201 (originating in N.D. Tex.); *Douglas v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-20816 (originating from E.D. Va.); *Green v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-20797 (originating from E.D. Va.); *Groves v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-20814 (originating from E.D. Va.); *Keyes v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-dp-24053 (originating from E.D. Va.); *Purviance v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-20289 (originating from E.D. Va.); *Spillers v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-20815 (originating from E.D. Va.); *Thompson v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-20276 (originating from E.D. Va.); *Whobrey v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-20273 (originating from E.D. Va.); *Wilson v. DePuy Orthopaedics, Inc., et al.*, No. 1:13-dp-20274 (originating from E.D. Va.); and *Barker v. Johnson & Johnson, et al.*, No. 1:13-dp-21360 (originating in W.D. Wash.). Because transfer to MDL 2197 extinguishes all prior motions pending in the transferor court at the time of transfer, the implied preemption issue is not pending in the MDL for these cases until plaintiffs raise the issue directly in the MDL court.

5   *Billings, et al. v. Chesapeake Surgical, LTD, et al.*, No. 8:12-cv-00879 (D. Md.); *MacGregor v. DePuy Orthopaedics, Inc., et al.*, No. 8:12-cv-01842 (D. Md.) (staying case because "the motion to remand filed by plaintiff may raise an issue that is common to other cases that may be coordinated in an MDL"); *Wood v.*

By contrast, allowing this action to proceed in this Court without a stay risks that this and the other ASR™ Hip System actions will be on inconsistent procedural footing when transferred to the MDL. In some cases, answers or responsive pleadings will have been filed, while in others not. In some cases, discovery will have commenced, while in others not. And in some cases, the parties will have filed motions, while in others not. Another district court that addressed these issues relied on just this rationale in staying a collection of product liability cases involving a prescription pharmaceutical, ruling that:

> [The] MDL system exist[s] for . . . some very sound reasons, not to deprive plaintiffs or individuals of a forum or even a local forum, but to endeavor to provide uniformity, comprehensive resolution. And the interest[s] of uniformity or comprehensiveness are not antithetical to the interest of plaintiffs. Indeed, the interest of plaintiffs as well as defendants can be equally served, I'm satisfied, in that context. The consolidation can be very helpful at bringing about a fair resolution of issues and in some cases entire pieces of

---

*Johnson & Johnson, et al.*, No. 1:12-cv-01572 (D. Md.) ("Despite the applicability of different state laws, there will be common issues involved in the remand motions; judicial resources will be saved by staying the case pending transfer to the MDL."); *Glaser v. DePuy Orthopaedics, Inc., et al.*, No. 2:12-cv-00895 (D. Nev.) ("The court concludes that granting a stay in this case promotes judicial economy, avoids the risk of inconsistent judgments and results in minimal, if any, prejudice to Plaintiff"); *von Reichow v. DePuy Orthopaedics, Inc., et al.*, No. 2:12-cv-01165 (D. Nev.) (same); *Mills v. DePuy Orthopaedics, Inc., et al.*, No. 2:12-cv-01166 (D. Nev.) (same); *Pate v. DePuy Orthopaedics, Inc., et al.*, No. 2:12-cv-01168 (D. Nev.) (same); *Wiedeman v. DePuy Orthopaedics, Inc., et al.*, No. 2:12-cv-01169 (D. Nev.) (same); *Shehan v. DePuy Orthopaedics, Inc., et al.*, No. 2:12-cv-01170 (D. Nev.) (same); *Santa Cruz v. DePuy Orthopaedics, Inc., et al.*, No. 2:12-cv-01172 (D. Nev.) (same); *Caron v. DePuy Orthopaedics, Inc., et al.*, No. 2:12-cv-01173 (D. Nev.) (same); *Fein v. DePuy Orthopaedics, Inc., et al.*, No. 2:12-cv-01175 (D. Nev.) (same); *Davidson v. DePuy Orthopaedics, Inc., et al.*, No. 2:12-cv-01177 (D. Nev.) (same); *Greengrass v. DePuy Orthopaedics, Inc., et al.*, No. 2:12-cv-01178 (D. Nev.) (same); *Lanzillotta v. DePuy Orthopaedics, Inc., et al.*, No. 2:12-cv-01179 (D. Nev.) (same); *Tobler v. DePuy Orthopaedics, Inc.*, No. 2:12-cv-01167 (D. Nev.) (same); *Felkel v. DePuy Orthopaedics, Inc., et al.*, No. 3:12-cv-01931 (D.S.C.) ("In the interest of consistency in the resolution of pretrial matters, the court declines to rule on Plaintiff's Motion to Remand, leaving that decision to Judge Katz, who has a number of other motions to remand pending before him where the issue of preemption has been raised."); *Benfield v. DePuy Orthopaedics, Inc., et al.*, No. 8:12-cv-01601 (D. Md.); *Johnson v. DePuy Orthopaedics, Inc.*, No. 3:12-cv-02274 (D.S.C.); *Jacobs v. DePuy Orthopaedics, Inc., et al.*, No. 1:12-cv-07764 (N.D. Ill.); *Hammers v. Bayside Orthopaedics, Inc., et al.*, No. 8:12-cv-02553 (M.D. Fla.); *King v. Rule, et al.*, No. 3:12-cv-01731 (D. Ore.); *Murphy-Pittman v. DePuy Orthopaedics, Inc., et al.*, No. 3:12-cv-03179 (D.S.C.); *Benson v. DePuy Orthopaedics, Inc.*, No. 2:13-cv-00713 (D. Nev); and *Youngdahl v. DePuy Orthopaedics, Inc., et al.*, No. 0:13-cv-02468 (D. Minn.).

> litigation.
>
> . . .
>
> And I think really, in the interest of uniformity, and ultimately a correct decision, that weighs in favor of the consolidated treatment that can be had with regard to each state jurisdiction or federal district that finds itself before a judge designated by the MDL panel.

*Batiz v. Merck & Co., Inc.*, 2:06-CV-1317-PMP (LRL) (D. Nev. Jan. 11, 2007) at 4, 6 (attached as **Exhibit C**). The same reasoning applies here.

To achieve the benefits of pretrial coordination, it makes sense to allow these ASR™ Hip System cases to proceed together with respect to responsive pleadings, discovery, and motion practice. Duplication of case management tasks by multiple courts not only is an uneconomical use of judicial resources, but also could lead to inconsistent rulings by different courts considering identical issues. *See Nguyen v. BP Exploration & Prod. Inc.*, 2010 WL 3169316, at *2 (S.D. Tex. Aug. 9, 2010) ("Defendants face a significant risk of inconsistent pretrial rulings by different courts if there is no stay in effect until the Panel issues its decision."). Indeed, this Court should not have to expend its time and energy "familiarizing itself with the intricacies of a case that [may] be heard by another judge." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Accordingly, "[i]n the interest of judicial efficiency and consistent adjudication, a decision by the MDL court will be more desirable than differing decisions coming out of the various Circuits" regarding the issue of implied preemption. *See Yearwood v. Johnson & Johnson, et al.*, No. 1:12-cv-01374-RDB (D. Md. June 27, 2012) (concluding that the MDL judge is in best position to address the implied preemption standard where the issue is "likely to arise in other actions pending in the MDL transferee court.") (internal citations omitted) (attached as **Exhibit D**).

### B.     A Stay Will Not Prejudice Plaintiff.

No prejudice will result to Plaintiff from a stay of the proceedings here.  Staying this action will benefit Plaintiff by sparing her the costs of pretrial motion practice and discovery that may later be repeated in the transferee court.  Regardless, any prejudice associated with a short stay is slight and outweighed by preserving judicial economy.  *See Republic of Venezuela v. Philip Morris Cos.*, No. 99-0586-Civ, 1999 WL 33911677, at *1 (S.D. Fla. Apr. 28, 1999) (plaintiffs would not be prejudiced by a stay of all proceedings, including ruling on a motion to remand, pending JPML consideration of MDL transfer); *see also Maiben v. CSX Transp., Inc.*, No. 09-0125-WS-B, 2009 U.S. Dist. LEXIS 37875, at *2 (S.D. Ala. May 1, 2009) ("in determining whether a stay is appropriate, the court must assess and balance the nature and substantiality of the injustices claimed on either side"); *Fuller v. Amerigas Propane, Inc.*, Nos. C-09-2493/C-09-2616, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009) ("because the MDL Panel was expected to hear the matter within a few months, any delay caused by a stay would be of very short duration and unlikely to cause the degradation of memories or the loss of material evidence"); *Smith v. Merck & Co.*, No. 06-cv-0931-DRH, 2006 U.S. Dist. LEXIS 94189, at *3 (S.D. Ill. Dec. 29, 2006); *Weinke v. Microsoft*, 84 F. Supp. 2d 989,  990 (E.D. Wis. Feb. 18, 2000) (rejecting plaintiff's "cursory assertions of prejudice" in granting stays).  The benefits to the Court and the parties clearly outweigh any minor inconvenience to Plaintiff, if any, that may arise from a stay.

On the other hand, Defendants will suffer a hardship in the absence of a stay.  Defendants will be forced to respond to separate discovery requests, both in this action and in the MDL.  This would lead to the very duplication of work that the MDL seeks to avoid.  In

the absence of a stay, moreover, Defendants could face conflicting decisions on similar pretrial issues, from this Court and from Judge Katz, which would further undermine the purpose of the MDL.

## IV. Conclusion

For the foregoing reasons, this Court should (1) stay all proceedings in this action, including but not limited to, any case management deadlines and any Rule 26 disclosure obligations, and (2) vacate all pending dates and deadlines pending transfer and docketing of this case to the MDL.

/s/ Edward W. Gerecke
Edward W. Gerecke
Florida Bar Number 328332
David J. Walz
Florida Bar Number 697237
CARLTON FIELDS JORDEN BURT, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd., Suite 1000 (33607)
Post Office Box 3239
Tampa, Florida 33601
Telephone:  (813) 223-7000
Facsimile:  (813) 229-4133
Email:  egerecke@cfjblaw.com
dwalz@cfjblaw.com

Attorneys for Defendants

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), counsel for Defendants certifies that he conferred with Plaintiff's counsel regarding consent to the relief sought in this motion, and Plaintiff's counsel does not consent to the relief requested herein.

/s/ Edward W. Gerecke
Attorney

## CERTIFICATE OF SERVICE

I CERTIFY that on the 3rd day of September, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Altom M. Maglio at amm@mctlawyers.com.

                                          /s/ Edward W. Gerecke
                                          Attorney