UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NATALIE BRUSH,**

    **Plaintiff,**

v.                                                     Case No: 8:14-cv-2163-T-36EAJ

**BAYSIDE ORTHOPAEDICS, INC.,
DEPUY ORTHOPAEDICS, INC.,
DEPUY INTERNATIONAL LIMITED,
JOHNSON & JOHNSON and JOHNSON
& JOHNSON SERVICES, INC.,**

    **Defendants.**
_____/

**ORDER**

This matter comes before the Court upon the Plaintiff's Motion to Remand (Doc. 5), and Defendants' response thereto (Doc. 13). In the motion, Plaintiff argues that this case should be remanded to state court for lack of subject matter jurisdiction. The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's Motion to Remand.

**I.    Background**

    **A.    Procedural history.**

Plaintiff Natalie Brush ("Brush") filed her Amended Complaint ("Complaint") against Defendants Bayside Orthopaedics, Inc. ("Bayside"), Depuy Orthopaedics, Inc. ("Depuy"), Depuy International Limited ("Depuy International"), Johnson & Johnson ("J&J"), and Johnson & Johnson Services, Inc. ("J&J Services") in the Twelfth Judicial Circuit of the State of Florida in and for Sarasota County on August 18, 2014. *See* Doc. 2. In her Amended Complaint, Brush alleges injuries from an ASR™ hip implant device and asserts six claims for relief, including five against Defendant Bayside for negligence, negligent failure to warn, strict liability failure to warn,

strict liability, and breach of implied warranty. *See* Doc. 2 at ¶¶ 113-144. Brush and Bayside are both citizens of Florida, the remaining defendants are citizens of other states.

Depuy, Depuy International, J&J, and J&J Services ("the Removing Defendants") removed this case to federal court on September 2, 2014 alleging, *inter alia,* that diversity jurisdiction exists over this action because Plaintiff fraudulently joined Bayside solely to defeat federal jurisdiction. *See* Doc. 1. Plaintiff filed the instant Motion to Remand on September 3, 2014 arguing that diversity of citizenship does not exist because Bayside was not fraudulently joined. *See* Doc. 5. The Removing Defendants filed a timely response to that motion. *See* Doc. 13.

The Removing Defendants have also moved this Court to stay all proceedings pending transfer of the case to the United States District Court for the Northern District of Ohio. *See* Doc. 7. The Removing Defendants allege that this case should be transferred pursuant to an order entered by the Judicial Panel on Multidistrict Litigation ("MDL Panel") establishing MDL No. 2197, *In re: DePuy Orthopaedics Inc., ASR Hip Implant Products Liability Litigation*, before Judge David A. Katz of the United States District Court for the Northern District of Ohio. As the MDL Panel rules require, the Removing Defendants notified the MDL Panel that this is a tag-along action to MDL 2197, and the MDL Panel listed it on Conditional Transfer Order 248.

  **B.**  **Factual allegations.**

As alleged in the Amended Complaint, Plaintiff experienced a history of pain and disease in her left hip that caused her to be treated by W. Kim Furman, M.D. Doc. 2 at ¶ 102. Dr. Furman determined Plaintiff needed a Total Hip Arthroplasty ("THA") of her left hip. *Id.* at ¶ 103. On June 19, 2006, Dr. Furman performed a THA on Plaintiff's left hip at Sarasota Memorial Hospital in Sarasota, Florida. *Id.* at ¶ 104. During this THA, Dr. Furman implanted Plaintiff with a number of DePuy ASR™ components, including:

    a. Acetabular Cup: DePuy ASR™ acetabular cup, 52mm.

    b. Femoral Head: DePuy Unipolar femoral head, 46mm.

    c. Taper Stem: DePuy Summit stem, size 6.

*Id.* at ¶ 105. After being implanted with the DePuy ASR™ System, Plaintiff experienced significant pain in her left hip and sought follow-up treatment with Dr. Furman. *Id.* at ¶ 106. Dr. Furman noted that Plaintiff was experiencing significant pain in her left hip and that her metal levels were elevated. *Id.* at ¶ 107. Dr. Furman also indicated that a revision surgery was considered, but due to Plaintiff's advanced age was likely not the best option. *Id.* at ¶ 107. Plaintiff alleges that her injuries were caused by defects in the Depuy ASR™ System which was manufactured by the Removing Defendants and distributed by Bayside.

**II.   Discussion**

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); *Darden v. Ford Consumer Fin. Co.,* 200 F.3d 753, 755 (11th Cir. 2000). It is well established that the burden of establishing subject matter jurisdiction falls on the removing party. *See Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, 1373 (11th Cir. 1998). A district court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in diversity cases where (1) the parties are citizens of different states and (2) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000).

> Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941). Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court. *See Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3d Cir. 1990); *Coker v. Amoco Oil Co.,* 709 F.2d 1433 (11th Cir. 1983)).

*University of S. Alabama v. American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999).

**A.  This court will not defer ruling on the motion to remand pending the MDL Panel's transfer decision.**

The Removing Defendants argue that this Court should grant their motion to stay prior to ruling on the instant motion to remand in the interests of "judicial economy, efficiency, and consistency." Doc. 13 at p. 3. The Removing Defendants assert that the fraudulent joinder issue is in front of Judge Katz in 30 related cases and, therefore, it would be more efficient to have the issue of remand decided after transfer. Doc. 13 at p. 3. However, the efficiency argument rings hollow given that the fraudulent joinder issue would have to be decided on a case-specific basis – evaluating each complaint individually.

Furthermore, there is a strong preference in federal jurisprudence that the issue of subject matter jurisdiction be addressed as early as possible in a case. *See University of S. Alabama v. American Tobacco Co.,* 168 F.3d 405, 409-410 (11th Cir. 1999) (citing *Save the Bay, Inc. v. United States Army,* 639 F.2d 1100, 1102 (5th Cir. 1981) (per curiam) (holding that courts must constantly examine the basis of their jurisdiction before proceeding to the merits)). While the Court recognizes that the motion to stay is not substantive, it is still not persuaded that the motion to remand should be left unresolved until after the issue of transfer is decided. Accordingly, this Court will not overlook the instant motion to remand in favor of the later-filed motion to stay.

**B.  Bayside was not fraudulently joined.**

Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity for removal. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998). "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action

4

against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). The removing party must make such a showing by "clear and convincing evidence." *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (citation omitted).

In determining whether a case should be remanded, the district court evaluates the factual allegations in the light most favorable to the plaintiff and resolves any uncertainties about state substantive law in favor of the plaintiff. *See Crowe,* 113 F.3d at 1538 (citation omitted). Importantly, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (quotation marks and citation omitted).

The Removing Defendants argue that all of Plaintiff's claims against Bayside are preempted by federal law and, therefore, entirely without merit. The Eleventh Circuit has held that "application of an affirmative defense," like federal preemption, "can support a finding of fraudulent joinder." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1298 n.3 (11th Cir. 2007).

> The party claiming preemption bears the burden of proof and must establish that Congress has clearly and unmistakably manifested its intent to supersede state law. *Bravman v. Baxter Healthcare Corp.*, 842 F. Supp. 747, 753 (S.D.N.Y. 1994). Alternately, that party "must demonstrate that federal law preempts state law to the extent that the state law actually conflicts with or frustrates the purpose of federal law. Thus, if it is possible to comply with both federal and state law, there is neither a conflict nor a frustrated purpose." 842 F. Supp. at 753.

*Hernandez v. Coopervision, Inc.,* 691 So. 2d 639, 641 (Fla. 2d DCA 1997).

The Removing Defendants' preemption arguments rely on *PLIVA, Inc. v. Mensing*, 564 U.S. __, 131 S.Ct. 2567, 2579 (2011) ("*Mensing*"), a case involving generic prescription drugs and holding that the state law claims at issue were preempted by impossibility because the defendant

5

could not comply with the applicable state law absent approval by the Federal Drug Administration ("FDA"). Specifically, the *Mensing* court stated that "[t]he question for 'impossibility' is whether the private party could independently do under federal law what state law requires of it." *Id.* As noted by Judge Moody, the effect of *Mensing* on cases involving medical devices, such as this one, is questionable. *See Fronczak v. Depuy Orthopaedics, Inc., et al,* Case No. 8:14-cv-2162-T-30MAP, Doc. 13 (M.D. Fla. Oct. 14, 2014); *Wier v. DePuy Orthopaedics, Inc. et al.*, Case No. 8:14-cv-2166-T-30MAP, Doc. 13 (M.D. Fla. Oct. 14, 2014).

    According to the Removing Defendants,

> [T]he claims Plaintiff alleges would require Bayside to either provide more warnings about the ASR™ device or strengthen the warnings it did provide. But federal law forbade Bayside from providing different or stronger warnings to Plaintiff's healthcare providers because doing so would effect a "significant change" under federal law, which requires prior FDA permission. Consequently, Plaintiff's claims are preempted because it was impossible for Bayside, independently, to comply with both state and federal law.

Doc. 13 at p. 12. Further, as argued by the Removing Defendants, providing more warnings was impossible because Bayside could only provide warnings that had been approved by the FDA. However, Plaintiff claims that Bayside distributed promotional literature and information that was misleading, that Bayside distributed and marketed a product it knew was defective, and that Bayside failed to act upon complaints received from local surgeons. "There is a marked difference between a duty requiring a drug manufacturer to physically change its federally approved label and a duty requiring a distributor to warn a third party of what the federally approved label or warning on file with the FDA says. Accordingly, whether Florida law imposes a duty to warn upon device distributors such as the [d]istrubtor [d]efendants is a determination best left to State Court." *Zaremba v. Orthopedics, Inc.,* 8:14-CV-1016-T-33TGW, 2014 WL 3057400, at *4 n. 2 (M.D. Fla. July 7, 2014).

6

Defendant has not identified any specific conflicting legal duties regarding these allegations that would support an argument for federal preemption. Most importantly, Defendant has not shown that Plaintiff would have no chance of success on her claims against Bayside in state court. Florida's Second District Court of Appeals has addressed a preemption argument similar to that made here and ruled against preemption in a medical device case, allowing the state law claims, including failure to warn, to go forward. *See Hernandez.,* 691 So. 2d at 640-641. The burden of proof imposed by Florida courts in preemption matters is high.

> The party claiming preemption bears the burden of proof and must establish that Congress has clearly and unmistakably manifested its intent to supersede state law. *Bravman v. Baxter Healthcare Corp.,* 842 F. Supp. 747, 753 (S.D.N.Y. 1994). Alternately, that party "must demonstrate that federal law preempts state law to the extent that the state law actually conflicts with or frustrates the purpose of federal law. Thus, if it is possible to comply with both federal and state law, there is neither a conflict nor a frustrated purpose." 842 F. Supp. at 753.

*Id.* at 641. As noted by the Court in *Hernandez*, the movant must make a detailed comparison between the alleged pre-empting federal requirements and pre-empted state requirement as directed by *Medtronic, Inc. v. Lohr*, 518 U.S. 470 116 S. Ct. 2240, 135 L. Ed. 2d 700 (1996). Defendant has not provided sufficient proof to establish that all claims asserted by Plaintiff against Bayside are barred by federal preemption. Accordingly, Defendant has not met its burden of showing that Bayside was fraudulently joined in this action and it is hereby

**ORDERED AND ADJUDGED that**:

1. Plaintiff's Motion to Remand (Doc. 5) is **GRANTED**;

2. This case is **REMANDED** to the Twelfth Judicial Circuit in and for Sarasota County, Florida for all further proceedings;

3. The Clerk is directed to mail a certified copy of this Order to the Clerk of the Twelfth Judicial Circuit, Sarasota County, Florida; and

    4.       The Clerk is directed to close this file.

**DONE AND ORDERED** in Tampa, Florida on October 22, 2014.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any